UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERD PETRIK,

    Plaintiff,

v.                                             Case No. 8:07-cv-1462-T-24 TBM

RELIANT PHARMACEUTICALS, INC.,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court on two motions: (1) Abbott Laboratories' and Abbott GmbH & Co. KG's (collectively referred to as "Abbott") Motion to Intervene and Stay Proceedings Pending Arbitration (Doc. No. 10), which Plaintiff opposes (Doc. No. 27); and (2) Defendant Reliant Pharmaceuticals, Inc.'s ("Reliant") Motion to Stay Pending Arbitration (Doc. No. 9), which Plaintiff opposes (Doc. No. 28).

**I. Background**

    Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff is the owner of record of the federally registered trademark, RYTHMOL®. Abbott GmbH & Co. KG has a license for the use of the RYTHMOL® trademark in the United States, and it granted a sub-license to Abbott Laboratories. The terms of the license prohibit the assignment of rights in the license without Plaintiff's express written consent. The license, which is governed by Swiss law, does not explicitly allow second level sub-licensing (i.e., sub-sub-licensing), and as such, Plaintiff contends that second level sub-licensing is not permitted without Plaintiff's express written consent.

    Plaintiff contends that Abbot concocted a sham transaction, in which certain nominal

assets were assigned to Reliant and the U.S. rights in the license were conveyed to Reliant through a second level sub-license. Plaintiff contends that Abbott's transfer of the U.S. rights under the license to Reliant was in violation of the terms of the license and that he never authorized or licensed Reliant to use the RYTHMOL® trademark.

Plaintiff has instituted contractual arbitration proceedings against Abbott that are pending before the International Court of Arbitration of the International Chamber of Commerce.[1] Additionally, Plaintiff filed the instant lawsuit against Reliant, in which Plaintiff asserts three claims: federal trademark infringement, false designation of origin, and Florida common law trademark infringement/unfair competition.

Thereafter, Abbott filed the instant motion to intervene and stay this case pending the resolution of the arbitration between Plaintiff and Abbott. The thrust of Abbott's argument in support is that Plaintiff's claims against Reliant are dependent on and wholly derivative of the issue submitted to arbitration–namely, whether Abbott properly sub-licensed the trademark to Reliant under the terms of the license agreement between Plaintiff and Abbott, as governed by Swiss law. Additionally, Abbott points out that under its sub-license agreement with Reliant, Abbott Laboratories expressly warranted its right to sub-license to Reliant and agreed to indemnify Reliant for all claims of trademark infringement arising out of Reliant's use of the RYTHMOL® trademark. (Doc. No. S-1, Ex. 2).

Reliant has also filed a motion to stay this case. Accordingly, the Court will address the motions.

---

[1]The license agreement between Abbott and Plaintiff provides that "[a]ny dispute arising from or being in connection with this agreement shall . . . be finally and bindingly settled by arbitration" and that the arbitration shall be in Switzerland. (Doc. No. S-1, Ex 1).

**II.  Motion to Intervene**

Abbott moves to intervene under Federal Rule of Civil Procedure 24.  Rule 24 provides for both mandatory and permissive intervention, and Abbott argues that the Court could grant its motion to intervene under either standard.  The Court need not decide whether Abbott is entitled to intervene as a matter of right, because permissive intervention is appropriate.

Rule 24(b) provides: "Upon timely application anyone may be permitted to intervene in an action . . .when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Clearly, Abbott meets this test.

Abbott's motion is timely, since it was filed about a month and a half after this case was filed.  Furthermore, the issue raised in Abbott's counterclaim and in its defense to Plaintiff's claim in the arbitration is whether Abbott Laboratories was allowed to sub-license the RYTHMOL® trademark to Reliant without Plaintiff's express written consent.  Likewise, one of Reliant's affirmative defenses to Plaintiff's claims in this case is that it acted pursuant to a valid license.  (Doc. No. 8).  Thus, this case and Abbott's claims and defenses in the arbitration have questions of law and fact in common, because if the arbitration results in a determination that Abbott could sub-license the RYTHMOL® trademark to Reliant, it would appear that Plaintiff's claims against Reliant in the instant case would necessarily fail.

Plaintiff opposes Abbott's motion, arguing that the only purpose for Abbott intervening in this case is to attempt to stay this litigation and delay Plaintiff's ability to secure relief for Reliant's alleged trademark infringement and unfair competition.  The Court rejects this

argument. While it appears that Abbott is seeking to intervene in an attempt to stay this litigation, the Court finds that a stay of this case is appropriate. The arbitrator(s) in Switzerland are better equipped to determine whether, under Swiss law, the license agreement between Abbott and Plaintiff allowed Abbott Laboratories to sub-license the RYTHMOL® trademark to Reliant. Furthermore, the Court is not persuaded that allowing Abbott's intervention will unduly delay or prejudice the adjudication of Plaintiff's claims against Reliant, since Plaintiff acknowledges that arbitration of its claims against Abbott "involves streamlined proceedings that will result in an arbitral ruling prior to any possible trial date in the instant case." (Doc. No. 27, p. 5).

Plaintiff also argues that Abbott should not be permitted to intervene, because Abbott did not comply with Rule 24(c). Rule 24(c) requires that a person desiring to intervene shall file a motion to intervene that is "accompanied by a pleading setting forth the claim or defense for which intervention is sought." The Court rejects this argument.

It appears that Plaintiff is strictly reading Rule 24(c) and construing the word "pleading" as it is defined in Rule 7, which does not include motions as pleadings. However, such a strict construction is not required. See Sheesley v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404, 412 (W.D. Pa. 2006)(finding that the court could consider a motion to intervene that did not contain a pleading, but instead, contained a motion to compel arbitration and stay proceedings); WJA Realty Limited Partnership v. Nelson, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989)(stating that "an adequate pleading to intervene is not necessarily limited to a rule 7(a) pleading"). Furthermore, the Eleventh Circuit has found it proper to disregard non-prejudicial technical defects regarding Rule 24(c). See Piambino v. Bailey, 757 F.2d 1112, 1121 (11th Cir. 1985).

Because Abbott's motion to intervene and stay clearly spells out their position in this case, the failure to attach a formal pleading could not have prejudiced Plaintiff.

Accordingly, for the reasons explained above, the Court will allow Abbott to intervene. As such, the Court grants Abbott's motion to the extent that Abbott seeks to intervene in this case.

### III.  Motion to Stay

Both Abbott and Reliant seek a stay of this case pending the outcome of the arbitration proceedings. Specifically, they argue that a stay is warranted because the claims at issue in this case are inextricably intertwined with, and involve the same operative facts and law as, the Swiss arbitration between Plaintiff and Abbott. Abbott and Reliant seek a mandatory stay under § 3 of the Federal Arbitration Act ("FAA").[2]

In support of their contention, Abbott and Reliant cite Hudson Global Resource Management, Inc. v. Beck, 2006 WL 1722353, at *6 (M.D. Fla. June 20, 2006), which states:

> A nonsignatory or non-party to an arbitration agreement may be entitled to a stay of claims pending arbitration if the claims against it are intimately founded in and intertwined with the underlying contract obligations and if they are based on the same operative facts and are inherently inseparable from the claims against a party or signatory. While a nonsignatory or non-party to an arbitration agreement may have no right to enforce arbitration itself, if its potential liability derives from the conduct or potential liability of a party or signatory, it is entitled to a stay pending arbitration.

Id. (internal quotation marks and citations omitted); see also Harvey v. Joyce, 199 F.3d 790,

---

[2] Section 3 provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

795-96 (5th Cir. 2000)(citations omitted); Subway Equipment Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999)(citations omitted); Kroll v. Doctor's Associates, Inc., 3 F.3d 1167, 1171-72 (7th Cir. 1993)(citation omitted). In determining whether to grant a stay of claims against the non-signatory, the court must determine "whether proceeding with the litigation will destroy the signatories' right to a meaningful arbitration." Waste Management, Inc. v. Residuos Industriales Multiquim, S.A., 372 F.3d 339, 343 (5th Cir. 2004)(citation omitted).

Plaintiff responds that § 3 of the FAA is inapplicable. The Court need not determine whether Abbott and Reliant are entitled to a mandatory stay of this case under § 3 of the FAA, because the Court has discretion to stay claims not covered by the FAA. See Klay v. All Defendants, 389 F.3d 1191, 1204 (11th Cir. 2004)(citations omitted). Generally, courts "refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation." Id. (citation omitted). However, when deciding whether to grant a stay of proceedings of a nonarbitrable claim, the court must determine "whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." Id. (citation omitted).

As previously stated, the arbitrator(s) in Switzerland are better equipped to determine whether, under Swiss law, the license agreement between Abbott and Plaintiff allowed Abbott Laboratories to sub-license the RYTHMOL® trademark to Reliant. Furthermore, if the arbitration results in a determination that Abbott could sub-license the RYTHMOL® trademark to Reliant, it would appear that Plaintiff's claims against Reliant in the instant case would necessarily fail. As such, the Court finds that a stay of Plaintiff's claims against Reliant is appropriate and will conserve judicial resources in this case.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Abbott's Motion for Leave to Reply (Doc. No. 26) is **DENIED**;

(2) Reliant's Motion for Leave to Reply (Doc. No. 30) is **DENIED**;

(3) Abbott's Motion to Intervene and Stay Proceedings Pending Arbitration (Doc. No. 10) is **GRANTED**;

(4) Reliant's Motion to Stay Pending Arbitration (Doc. No. 9) is **GRANTED**;

(5) The Court stays this case pending the resolution of Plaintiff and Abbott's arbitration;

(6) Plaintiff is directed to file a status report on February 1, 2008, and every thirty days thereafter, informing the Court of the status of the arbitration proceedings;

(7) Plaintiff is directed to immediately inform the Court upon the conclusion of the arbitration proceedings; and

(8) The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of November, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record